UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRACY MOOD,

                Petitioner,

     -against-

WARDEN DOE,

                Respondent.

23-CV-0462 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner, who is currently incarcerated in the Federal Correctional Institution, Schuylkill ("FCI Schuylkill") in Minersville, Pennsylvania, has filed this *pro se* submission in the form of a letter to Judge Vincent L Briccetti of this court. Petitioner asserts that the Federal Bureau of Prisons ("BOP") is not giving him all of his earned federal time credits because of an "unresolved case" pending in the Westchester County District Attorney's Office in White Plains, New York. (ECF 1, at 1.) For the purposes of this order, the Court construes this submission as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, in which Petitioner challenges the execution of his sentence.[1] *See, e.g., Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) ("A [petition] pursuant to § 2241 generally challenges the execution of a federal prisoner's sentence. . . ."); *Frazer v. Petrucci*, No. 19-CV-0865 (JGK), 2019 WL 5887302, at *2 (S.D.N.Y. Nov. 8, 2019) (*Habeas* relief under Section 2241 is the correct vehicle for a petitioner to challenge BOP's calculations of earned time credit.) For the following reasons, the Court transfers this action to the United States District Court for the Middle District of Pennsylvania.

---

[1] Nothing in this order interferes with the transferee court's discretion to liberally construe the submission as other than a Section 2241 petition, notwithstanding the action's current designation.

In order to entertain a *habeas corpus* petition under Section 2241, a court must have jurisdiction over the petitioner's custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) (writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her custodian). Thus, the jurisdiction to consider a Section 2241 petition challenging a petitioner's physical confinement generally lies in the district of the petitioner's confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). Petitioner is currently incarcerated in FCI Schuylkill, which is located in Schuylkill County, Pennsylvania, within the Middle District of Pennsylvania. 28 U.S.C. § 118(b). Therefore, in the interest of justice, the Court transfers this action to the United States District Court for the Middle District of Pennsylvania. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Middle District of Pennsylvania. Whether Petitioner should be permitted to proceed further without payment of fees is a determination to be made by the transferee court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 26, 2023
         New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge